IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**RICKY SAMUEL ANDERSON,**

       **Petitioner,**

v.                                                    **Case No. 3:24-cv-00184**

**WEST VIRGINIA DIVISION OF
CORRECTIONS AND
REHABILITATION, et al.,**

       **Respondents.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On April 11, 2024, Plaintiff Ricky Samuel Anderson, proceeding *pro se,* filed a petition for a writ of habeas corpus under § 2241, although he claims his action is being brought under the Americans With Disabilities Act and Title VII of the Civil Rights Act of 1964. (ECF No. 1). Anderson also submitted an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed the petition, the undersigned **FINDS** that Petitioner fails to state a cognizable claim under § 2241. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** the Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 2), **DISMISS** this case,

1

without prejudice, and **REMOVE** it from the docket of the Court.

I.  **Relevant Facts**

Petitioner is currently incarcerated in the Western Regional Jail and Correctional Facility as a pretrial detainee on misdemeanor charges pending in Boone and Lincoln Counties, West Virginia. *See* https://apps.wv.gov/OIS/OffenderSearch/RJA. Petitioner does not provide much information about what he is challenging via the petition, but does deny that he is challenging pretrial detention. (ECF No. 1 at 2-3). When asked in the petition about his earlier challenges to the disputed action or decision, Petitioner states that he has not appealed the decision or action, filed any grievances, or sought any administrative remedy. (*Id.* at 3). For supporting facts, Petitioner discusses arrests in 1999, 2000 and 2003; some alleged fraudulent fingerprinting by an arresting officer in 2023; prior lawsuits that Petitioner filed or that were filed against him; the murder of his father; insurance fraud; an automobile accident in 1998; the E-Government Act; and various other unrelated topics. (*Id.* at 5-11).

As to the grounds for the petition, Petitioner asserts that he was falsely imprisoned in the past, was extorted by some unnamed individuals, and was the victim of fraud. (ECF No. 1 at 12-14). He includes a page of fingerprints. (Id. at 8-9). Petitioner requests for relief: (1) waiver of the $5.00 filing fee; (2) declaratory and injunctive relief directing people to stop stalking, spying on, and exploiting him; (3) disaster relief; (4) the FBI to bear arms; (5) the U.S. Marshals to serve summonses; (6) a proclamation from the Governor's Office related to driving; (7) an automobile "with arms and new vest to be in the W.R.J."; (8) the aid of the state police to collect evidence for probable cause; (9) jail parking; (10) release from harm's way; (11) $11,000,000,000; and (12) release from jail with $1,000,000 on a cash debit card. (*Id.* at 14).

## II. Standard of Review

Rule 4 of the Rules Governing Section 2254 Proceedings—which applies to petitions filed under § 2241—requires the court to conduct a preliminary review of each habeas petition. *See* Rules 1 and 4, Rules Governing Section 2254 Cases in the United States District Courts. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. A federal writ of habeas corpus "may only be granted for violations of the Constitution or laws of the United States." *Bridgeford v. Bohrer*, No. CV GLR-22-159, 2022 WL 17740403, at *2 (D. Md. Dec. 16, 2022). Absent such violations, a federal habeas petitioner fails to state a cognizable claim for relief. *Id.* (citing *Wilson v. Corcoran*, 562 U.S. 1, 1 (2011)). In the context of a *pro se* petition, such as this one, the court must liberally construe the allegations. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the petition is subject to dismissal if it fails to state an intelligible claim, states claims over which this Court lacks jurisdiction, or fails to overcome relevant gatekeeping provisions.

## III. Discussion

Petitioner's habeas petition cannot survive preliminary review for multiple reasons. To begin, the petition is largely unintelligible. A habeas petition must "allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. In addition, the petition must specify the grounds for relief and include factual support for each ground. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. "Dismissal under Rule 2(c) is appropriate when a petition

and accompanying pleadings are unintelligible and a court is unable to determine what alleged errors of fact or law are at issue for adjudication." *Arega v. Warden, Chillicothe Corr. Inst.*, 347 F.Supp.3d 359, 361 (S.D. Ohio 2018) (citations omitted). Unintelligible petitions are dismissible primarily because their incomprehensibility makes a validity review impossible and prejudices the opposing party. *See Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980). Even when liberally construed, the petition here fails to allege facts upon which the Court could conclude that Petitioner has a cognizable habeas claim. *Fair v. Duffy*, No. 14CV4836ERRLE, 2015 WL 13239992, at *2 (S.D.N.Y. July 27, 2015), *report and recommendation adopted,* No. 14 CIV. 4836 (ER), 2017 WL 1410810 (S.D.N.Y. Apr. 19, 2017) (dismissing a habeas petition that "is nonsensical," "clouds any constitutional issues that [Petitioner] may be trying to present with use of legal terms that have no meaning in the context in which they are used," and is unclear about what conviction, judgment, or decision is being challenged.). Therefore, the undersigned **FINDS** that the petition fails to state a claim under § 2241, as well as the applicable rules governing habeas cases.

In addition, Petitioner seeks relief that is not available through a habeas proceeding. For example, he asks for a total of $11,100,000,000, an automobile, a parking spot, and disaster relief. An award of money damages and property is not an appropriate remedy on a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *Barela v. Martin*, 830 F. App'x 252, 255 (10th Cir. 2020) ("The remedy of habeas corpus ordinarily serves to require release from illegal confinement, attack future confinement, or shorten the existing confinement. [… Compensatory and punitive damages] are remedies available in a civil rights suit but not in a habeas action."); *Pierre*

4

*v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) ("[The] sole function [of habeas corpus] is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.'"). Other relief requested by Petitioner—such as, directing unnamed individuals to stop spying on him, a proclamation from the Governor's office about driving, and an order compelling state police to collect evidence for him—are equally unavailable. Therefore, the undersigned **FINDS** that much of the relief requested by Petitioner is not available in habeas proceedings.

      Lastly, it is clear from the face of the petition that Petitioner has failed to exhaust his state court remedies. Although exhaustion is generally an affirmative defense, the Court may at times *sua sponte* raise the issue. *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) ("Nevertheless, when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense."); *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008) ("*Sua sponte* consideration of exhaustion of state remedies … is explicitly permitted by Supreme Court precedent."); *Jiau v. Poole*, 590 F. App'x 689, 690 (9th Cir. 2015) ("The district court *sua sponte* dismissed Jiau's habeas petition without prejudice citing her failure to exhaust her administrative remedies prior to filing her action. Though exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions, courts generally require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking such relief.") (citation and internal markings omitted); *Lindsay v. Williamson*, 271 F. App'x 158, 160 (3d Cir. 2008) ("Even if *Jones* applied here, the absence of a requirement to specifically plead exhaustion

does not bar a *sua sponte* dismissal where a concession on the face of a petition exposes a bar to suit.").

Before a state prisoner can bring a habeas petition in federal court, the prisoner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity." *Preiser v. Rodriguez*, 411 U.S. 475, 491, (1973). In order to comply with the exhaustion requirement, a petitioner must have offered the state an adequate "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation omitted). While it is unnecessary to cite "book and verse on the federal constitution," the petitioner must first present the "substance of a federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citations omitted). In general, a district court may not review a federal habeas petition unless there has been "total exhaustion" by the state courts of the presenting claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Therefore, when a petitioner fails to exhaust state court remedies, his federal habeas petition typically is dismissed. *See Preiser*, 411 U.S. at 477.

In this case, the petition is vague as to exactly what decision or action Petitioner is challenging—although he mentions prior convictions, he is currently a pretrial detainee. In West Virginia, convicted prisoners may exhaust their available state court remedies either by presenting cognizable federal constitutional claims in a direct appeal to the Supreme Court of Appeals of West Virginia ("WVSC"), or by pursuing such claims in a

6

petition for a writ of habeas corpus in a state circuit court under West Virginia Code § 53-4A-1 and appealing any adverse ruling by filing a petition in the WVSC. *See Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545-46 (S.D.W. Va. 1986). With respect to pretrial detainees, habeas relief in federal court is available "only if the petitioner has exhausted all alternative remedies or exceptional circumstances exist that justify intervention by federal court." *Larcomb v. Smith*, No. CV GLR-21-2392, 2022 WL 10625958, at *2 (D. Md. Oct. 18, 2022) (citing *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010)) ("As a general rule, in the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief."). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair 'opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim.'" *Bess v. McFadden*, No. 3:22-CV-00295-MR, 2022 WL 3443700, at *1 (W.D.N.C. July 15, 2022) (quoting *Picard*, 404 U.S. at 275-77). Exceptional circumstances, sufficient to avoid the exhaustion requirement, are not present when procedures exist that would protect a petitioner's constitutional rights without federal court intervention. *See Timms,* 627 F.3d at 531 ("[H]abeas corpus is an extraordinary remedy typically available only when the petitioner has no other remedy.") (quoting *Archuleta v. Hedrick,* 365 F.3d 644. 648 (8th Cir. 2004)). A habeas petitioner has the burden of proving that a claim is exhausted. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).

Here, Petitioner unequivocally states that he did not appeal the challenged act, file a § 2255 motion, appeal an immigration decision, file a grievance, or seek an

7

administrative remedy, although he did file four or five complaints in Pennsylvania in 2005 and another in 1998, which involved land extorted from him, fraud, and the automobile crash. He denies that these matters resulted in him going to jail. (ECF No. 1 at 11). These separate civil actions for damages filed by the Petitioner nearly two decades ago do not exhaust his administrative remedies for the instant petition seeking a writ of habeas corpus. Therefore, the undersigned **FINDS** that Petitioner has failed to exhaust state court remedies and provides no rational justification for his failure to exhaust. To the extent Petitioner is entitled to notice and an opportunity to be heard on the issue of his failure to exhaust state court remedies, these proposed findings and recommendations provide the requisite notice. *Boothe v. Ballard*, No. 2:14-CV-25165, 2016 WL 1275054, at *41 (S.D.W. Va. Mar. 31, 2016), *aff'd,* 670 F. App'x 193 (4th Cir. 2016) ("Petitioner was provided notice regarding the issue of procedural default in the PF&R and had an opportunity to object to the Magistrate Judge's *sua sponte* findings and recommendations on this topic.").

### IV.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge adopt the findings herein and **RECOMMENDS** that the presiding District Judge **DENY** the Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 2), **DISMISS** this case, without prejudice, and **REMOVE** it from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure,

Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED**: April 30, 2024

Cheryl A. Eifert
United States Magistrate Judge